UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:12-CV-00114-JHM-HBB

MARVIN BUTTS                                                                       PLAINTIFF

V.

OFFICER GEOFFREY DEIBLER,
MORGANFIELD POLICE DEPARTMENT,
CITY OF MORGANFIELD,
JIMMY LYONS, DAVID JENKINS,
BRUCIE MOORE, and MEGAN RANDOLPH                             DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant David Jenkins' Motion to Dismiss [DN 12]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant Jenkins' motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND[1]

This controversy arises out of a dispute over the sale of two "gold" buffalo bullion bars. The dispute began on September 20, 2011, when Defendant David Jenkins visited Plaintiff's Jewelry and Repair Store and sold Plaintiff the bars for $3,300. After Jenkins left the store, Plaintiff discovered that the bars were counterfeit. Plaintiff immediately called Jenkins, asking him to return the money. When Jenkins asserted that he would not return the money, Plaintiff called the Morganfield Police Department for its assistance. Officer Geoffrey Deibler was dispatched to Plaintiff's store.

Upon his arrival, Officer Deibler called Defendant Jenkins, advising him to return the money, as failing to do so would constitute felony theft by deception. Jenkins appeared reluctant to do so. Nevertheless, Jenkins eventually agreed to come back to Plaintiff's store and return it.

---

[1] These facts are taken in the light most favorable to Plaintiff, the non-movant.

After the money's return, several events transpired that give rise to the instant cause of action. First, Detective Jimmy Lyons of the Union County Sheriff's Office called Officer Deibler, inquiring as to why he had become involved in the civil matter. Detective Lyons had talked to Jenkins' father-in-law and believed that Jenkins should not have been forced to return the money. Second, Officer Deibler returned to Plaintiff's store the following day with a criminal citation, charging Plaintiff with falsely reporting an incident. Officer Deibler told Plaintiff that Brucie Moore, the County Attorney of Union County, had received a call from Jenkins regarding the money and had decided to serve a citation upon him. Officer Deibler also expressed his opinion that Plaintiff should plead guilty to the charge or take a deferment. Third, on the following day, Jenkins had a small claims complaint served on Plaintiff for embarrassment and bad business. According to Plaintiff's theory, Moore and Officer Deibler conspired with Jenkins to get Plaintiff to accept a plea or deferment so that Jenkins could use it against Plaintiff in his small claims suit, as conclusive evidence of Plaintiff's wrongdoing.

Ultimately, the small claims complaint was dismissed for lack of jurisdiction. Further, a jury found that Plaintiff was not guilty of falsely reporting an incident. Plaintiff, however, has now sued Jenkins and others, alleging violations of 42 U.S.C. §§ 1983 and 1985(3). According to Plaintiff, Defendants are liable for the unlawful initiation and continuation of a criminal citation and for malicious abuse of process; additionally, Defendants are liable for conspiracy to deprive Plaintiff of his rights to liberty without due process of law and equal protection of the laws. Defendant Jenkins has filed a motion to dismiss on the ground that Plaintiff's complaint fails to state a claim

that falls under the Court's jurisdictional limitations. The Court considers this motion below.[2]

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

In his motion to dismiss, Defendant Jenkins argues that Plaintiff has failed to state a claim against him under 42. U.S.C. §§ 1983 and 1985(3). The Court considers these arguments in turn.

### A. 42 U.S.C. § 1983

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States

---

[2] While Jenkins indicates that his arguments relate to the Court's jurisdiction, it appears that their true focus is on whether Plaintiff stated a claim upon which relief can be granted. Accordingly, the Court will consider Jenkins' motion to dismiss under Fed. R. Civ. P. 12(b)(6).

. . . ." Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (internal quotations omitted). To state a claim for relief under § 1983, a plaintiff must establish that (1) a person acting under color of state law (2) deprived the plaintiff of a right secured by the Constitution or laws of the United States. Waters v. City of Morristown, 242 F.3d 353, 358–59 (6th Cir. 2001); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). Thus, before a defendant may be held liable under § 1983, that defendant "must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights." Cassady v. Tackett, 938 F.2d 693, 695 (6th Cir. 1991) (quotation omitted).

In this case, Defendant Jenkins argues that the Court must dismiss Plaintiff's § 1983 claim against him because Plaintiff has failed to allege that Jenkins was operating under the "color of any statute, ordinance, regulation, custom, or usage." (Mem. in Supp. of Def.'s Mot. to Dismiss [DN 12-1] 1.) In other words, Jenkins argues that a § 1983 action cannot be sustained against him, as he "is not an official acting under color of law." (Id.) The Court disagrees with this interpretation of § 1983.

As a rule, the under-color-of-law element of a § 1983 claim "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50 (quotation omitted). However, "[i]f a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . . ." Cooper v. Parrish, 203 F.3d 937, 952 n.2 (6th Cir. 2000). In this case, such a conspiracy is precisely what Plaintiff has alleged. According to Plaintiff's allegations, Defendant Jenkins, who is a private party, jointly conspired with state actors to unlawfully prosecute Plaintiff on an unsupported criminal charge of falsely reporting an incident. The Court finds that this is sufficient to state a claim against Jenkins under § 1983. Therefore, his motion to dismiss is **DENIED** in part.

**B. 42 U.S.C. § 1985(3)**

Section 1985 creates a right to recover damages against those who conspire to interfere with another's civil rights. To state a cause of action under § 1985(3), the Sixth Circuit provides that "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir. 1994). In other words, to sustain a claim under § 1985(3), "a claimant must prove both membership in a protected class and discrimination on account of it." Estate of Smithers ex rel. Norris v. City of Flint, 602 F.3d 758, 765 (6th Cir. 2010); accord Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (holding that to recover under § 1985(3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action").

In this case, Defendant Jenkins asserts that the Court must dismiss Plaintiff's § 1985(3) claim against him because Plaintiff has failed to allege that he conspired to deprive Plaintiff of a protected right. In other words, Plaintiff argues that a § 1985(3) action cannot be sustained against him since there is "no allegation that he was motivated by dislike or hateful attitude toward a class of people." (Mem. [DN 12-1] 2.) The Court agrees.

As previously discussed, to state a claim under § 1985(3), Plaintiff must allege two necessary elements: "(1) the existence of a conspiracy, and (2) some 'class-based discriminatory animus behind the conspirators' action.'" Dunn v. State of Tenn., 697 F.2d 121, 124 (6th Cir. 1982) (quotation omitted). In cases where the plaintiff has not alleged any facts indicating that the defendant's actions were motivated by any class-based discriminatory animus, courts have held that

5

no cause of action under § 1985(3) exists. See, e.g., Moniz v. Cox, 2013 WL 216070 (6th Cir. Jan. 22, 2013); Brown v. Walsh, 2013 WL 173025 (E.D. Mich. Jan. 16, 2013); Clark v. Caruso, 2010 WL 746417 (E.D. Mich. Mar. 2, 2010); Wilson v. Ky., 2008 WL 4191484 (W.D. Ky. Sept. 10, 2008).

Here, Plaintiff alleges that Defendant Jenkins conspired with others to unlawfully prosecute Plaintiff on an unsupported criminal charge of falsely reporting an incident. However, Plaintiff does not allege any facts indicating that Defendant Jenkins' actions were motivated by some class-based discriminatory animus. In fact, while Plaintiff alleges that Jenkins "deprived Plaintiff of his right to equal protection," he does not even make a conclusory allegation that the conspiracy was due to his membership in some protected class. Without such an allegation, Plaintiff's § 1985(3) claim cannot survive. See, e.g., Miller v. Wayne Twp. Bd. of Trs., 2011 WL 3515902, at *8 (S.D. Ohio Aug. 11, 2011) (noting that within the Sixth Circuit, "asserting membership in a class of one is not a sufficient basis to assert the special protection afforded by 42 U.S.C. § 1985(3)"); Haeberle v. Univ. of Louisville, 2002 WL 768316, at *3 (W.D. Ky. Apr. 29, 2002) (holding that a mere allegation of a conspiracy to violate one's due process rights is insufficient since there is a "required allegation" that the conspiracy involve some "class-based discriminatory animus"). Thus, Defendant Jenkins' motion to dismiss is **GRANTED** in part.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant David Jenkins' Motion to Dismiss [DN 12] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Plaintiff's claim under 42 U.S.C. § 1985(3). It is **DENIED** as to Plaintiff's claim under 42 U.S.C. § 1983.

cc: counsel of record